*E. K. Wilcox,* for plaintiff in error.

*Geo. M. Anderson,* for defendant in error.

---

## CLERKS OF SCHOOL BOARDS UNDER THE NEW SCHOOL CODE.

[Circuit Court of Richland County.]

STATE, EX REL MOWERY, v. HARRY E. CAVE.

Decided, June, 1904.

*Office and Officers—Power of the Legislature and Rights of the Office-holder—Said Rights Accrue by Virtue of Election and Not of Qualification—Clerk of Board of Education—Who Had Been Elected But Had Not Qualified—When the New School Code Went into Effect.*

1. While in Ohio there is no tenure of office, the office-holder possesses a legal title to the emoluments of the office so long as the office exists; and this is equally true as to one who has been duly elected, but has not yet qualified and entered upon the duties of the office.

2. Notwithstanding the statute does not say just when officers of the board of education shall enter upon their duties, it is clearly the intention that they·shall assume office at once, or as soon as they give bond and qualify. A delay in giving bond amounts merely to a waiver of the rights of the one so elected during the period of the delay, and does not operate as an extension of his term for a corresponding period.

3. Where at the time the present school code went into effect, an election of clerk of the school board had been held, but the one so elected had not yet qualified, he is entitled to the office under the new code, notwithstanding the provision of Section 3 of said act.

DONAHUE, J.; VOORHEES, J., and McCARTY, J., concur.

Mandamus.

This action is brought by the relator, W. Clyde Mowery, who claims to be entitled to the office of clerk of the board of edu-

cation of the city of Mansfield.   There is practically no dispute as to the facts, and the pleadings make an issue of law only.

It appears from the pleadings that Harry E. Cave on the third Monday of April, 1902, was chosen by the board of education of the city of Mansfield as clerk of that body; that he gave bond and qualified as such on the sixth day of May next following, and on the third Monday of April, 1903, he was again chosen as such clerk, and on the fifth day of May next following gave bond and qualified according to law.   On the third Monday of April, 1904, which was the eighteenth day of said month, the relator, W. Clyde Mowery, was chosen by said board of education as its clerk, and on the third day of May next following he gave bond and qualified as such.

The petition avers that the respondent, Harry E. Cave, usurps said office of clerk of the board of education of the city of Mansfield and deprives relator therefrom, and prays that the said respondent may be ousted from said office and that relator be given possession thereof.

It further appears that on April 25, 1904, at 4:30 p. m., the present school code, known as the Harrison school code, was signed by the governor of the state of Ohio.   The respondent contends that by Section 3 of that act it is provided that all existing officers of boards of education and school councils shall hold their respective offices until boards of education are elected and organized under the provision of that act, and that at the time said act went into effect he was in fact and in law the clerk of the board of education of the city of Mansfield, and that this act extends his term until the election of new officers, under the provision of the new code.

He further claims that his term of office as such clerk did not expire for one year from the time he filed his bond and qualified, May 5, 1903, and that therefore the relator had no immediate right to the office at the time he was chosen by the board of education as such clerk; that there was then no vacancy and that relator's term would therefore not commence until May 5, next following.

In this contention, however, we think counsel for respondent are mistaken.   Section 3980, Revised Statutes, requires the board

of education to organize on the third Monday of April of each year, by choosing one of its members president, and one of its members clerk, who may or may not be a member of the board. The statute does not say just when these officers shall enter upon their duties, but clearly it means immediately, or as soon as they give bond and qualify, and the neglect to qualify for ten, fifteen or twenty days thereafter, even though it had been the custom for many years, would not give the incumbent the right to hold beyond the third Monday of April, if his successor should elect to qualify as soon as chosen.

Section 3979, Revised Statutes, provides that each person elected or appointed, either as a member of the board of education, or to any other office under the title in which that section is found, shall take an oath of office.

Section 4050, Revised Statutes, provides that the clerk of the board of education shall furnish bond. So that to qualify as such an officer, it is necessary for the person chosen as such clerk to give bond and take the oath of office.

Section 8, Revised Statutes, provides that—

"Any person holding an office or public trust shall continue therein until his successor is elected or appointed and qualified, unless it is otherwise provided in the Constitution or laws."

There is no prohibition in the Constitution of the state of Ohio preventing the clerk of the board of education from holding his office until his successor is elected and qualified, nor is there any statutory provision that would prevent him from so doing. There does not appear to be any term of office fixed in express words; but the statute expressly provides that on the third Monday of each April the board shall organize, by selecting a president and clerk. It is therefore evident that the clerk chosen at such meeting holds until the next organization of the board, as the term of his office, and until his successor is chosen and qualified.

In the case of *State* v. *Coon,* 4 C. C.—N. S., 560, it was held that the clerk of the board of education continued in office until his successor is chosen and qualified. On page 563 the court say:

"Upon the whole we therefore conclude that the relator is a public officer and was occupying the office of clerk of the board of education at the time the new school code took effect."

In that case the board of education of Cleveland did not organize on the third Monday of April, but on the night of April 25, at 7:30 o'clock, and after the signing of the law by the governor of Ohio, which extended the time of office of the then present incumbents. So that unless the former clerk held until his successor was chosen and qualified, his term of office would have expired on the third Monday of April, and he would not have been in office on April 25, and the court would then not have declared him entitled to the office under the provision of the new law, unless it in fact found that his term of office did continue until his successor was chosen and qualified. In the case at bar at the time this new law went into effect the relator had been chosen, but had not qualified, and the respondent was in office claiming and having the right to hold the same until his successor should qualify.

The effect of qualifying later is a more serious question. Does the act of qualifying relate back to the time of his appointment, at which time his right to the office began, or simply from the time he qualified?

In *State* v. *Pollner*, 18 C. C., 304, it is held:

"Where the statute does not fix any time when the mayor of the city of Cleveland shall take his seat, but prescribes that he shall take an official oath, that he shall file a good and sufficient bond, which shall be approved by the city council, the term of such mayor elect commences immediately upon his election, and if he sees fit he may immediately enter upon the duties of such office, by declaring himself to be mayor; the requiring of the oath, bond or any other thing that the statute may require, is merely directory language and is not mandatory."

In the same case on page 145, Judge Caldwell, in the opinion says:

"And, secondly, that the requiring of the oath, that the requiring of the bond or any other thing that the statute may require although the statute may be explicit, is merely directory

language and is not mandatory, and I believe the courts in this country now quite unanimously, and, I do not know but entirely, say so at this time, that language of that kind is merely directory and is not mandatory language.''

We, however, are not able to find the authorities so unanimous as suggested by Judge Caldwell.

In the case of *State* v. *County Comrs.*, 61 Ohio St., 506, it is held that where the sheriff elect failed to give bond before the first Monday of January, next after his election, there occurs on that day a vacancy. But it further appears in that case that while Section 1203, Revised Statutes, provides and directs the giving of the bond, Section 1205, Revised Statutes, provides that a failure to give the bond defeats the claimant's right to the office, and the commissioners shall declare a vacancy.

The provision of Section 1205, Revised Statutes, of course, distinguishes that case from the case at bar, and also from *State* v. *Pollner, supra,* but Section 19, Revised Statutes, seems to us to be as imperative as Section 1205, Revised Statutes, so that the only substantial difference between the cases is, that in the case of the sheriff the time in which bond shall be given is absolutely stated in the statute, but there is no such limit of time in which the clerk of the board of education must give bond and qualify. So that it would naturally be held to be within a reasonable time, and the board of education is undoubtedly clothed with discretion to determine what is a reasonable time, and it would only be for an abuse of this discretion that a court would interfere with its finding in that behalf. In this case the clerk elect qualified within the usual time customary in that city, and the board of education accepted his bond at the time it was presented. So that we are of the opinion that the delay in giving bond did not amount to a refusal to accept the office under the provision of Section 19, Revised Statutes, and therefore he had not forfeited his right to the same, and the only question remaining in this case is, can the Legislature of Ohio, by an act passed after his selection, deprive him of the office to which he was chosen, without abolishing the office itself?

On April 18 relator was chosen as clerk of the board of education of the city of Mansfield, and if he had qualified at once or before 4:30 P. M. of April 25, he unquestionably would be entitled to hold the office. It must also be admitted that he was entitled to qualify by giving bond and taking the oath of office at any time up until the time of the signing of the new law by the governor of the state. He was at least an officer elect with the right to the office at the time this act of the General Assembly became a law by the signature of the governor. Respondent claims that Section 3 of this act deprived relator of this right without abolishing the office. It is true that in Ohio there is no tenure of office strictly speaking; that is to say, there is no right to continue in office beyond that time which the Legislature declares there is no further need of the office. But while there is no absolute right to the office, there is a legal title to the emoluments of the office so long as that office exists, and after an individual has been properly selected, either by the vote of the people or any authority authorized to select him, even the Legislature of the state can not say that that particular individual shall not have and hold his office, but instead thereof some other person shall. This would certainly be true if the officer elected had in fact entered upon the duties of his office. Is it not equally true, if at the time of the passage of the law, he is entitled to the office? We think it is.

We have no quarrel with the doctrine that the Legislature may abolish the office, and the office once abolished the person entitled thereto, if it had continued to exist, can not complain, nor can he claim the emoluments thereof, but so long as the office continues the incumbent or the person entitled thereto can not be deprived of it by an act of the Legislature. This relator had been selected as clerk of the board of education by the board itself, and this board was clothed with ample authority to make such selection. From that time on, unless he refused to accept the appointment or neglected and refused to qualify, the office was his as matter of right. He had a legal title thereto, so far as an individual can have the legal title to an office in Ohio, and he did qualify to the satisfaction of the board selecting

him, but, in the meantime, the Legislature proposes to divest him of that right by saying that the incumbent then in office shall continue until a later time, but does not abolish the office now, but provides that it shall be abolished later. We think the Legislature can not do this. Where his term of office commenced immediately upon his selection, whether he qualified by giving bond and took the oath of office then or not, his right to the office and the emoluments thereof at once arose, and is good against the world so long as the office exists, unless he forfeits his right by refusing to accept, or neglect or refuse to qualify, or is properly removed therefrom in manner prescribed by law for the removal of officers from public office.

We therefore hold that this act did not affect his right to the office nor divest him thereof, and that he is entitled to hold the same until the office is abolished in pursuance of the statute.

Judgment of ouster may be entered against the respondent with costs, and the relator decreed to be the present rightful incumbent of the office. Motion for a new trial will be overruled and exception noted. Twenty days are given for the separate finding of fact and law, and statutory time for bill of exceptions.

*Douglas & Mengert,* for plaintiff.

*Kerr & Le Dow,* for defendant.